Filed 2/25/16  P. v. Carter CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHARLES MARJO CARTER,<br><br>　　　　Defendant and Appellant. | B266339<br><br>(Los Angeles County<br> Super. Ct. Nos. KA103439; KA106801) |

APPEAL from judgments of the Superior Court of Los Angeles County.  Bruce F. Marrs, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

On December 6, 2013, defendant Charles Marjo Carter was charged by information with one count of grand theft (Pen. Code, § 487, subd. (a)) in case No. KA103439. He entered a no contest plea to the count on February 13, 2014. Imposition of sentence was suspended, and defendant was placed on formal probation for three years, and ordered to serve 365 days in jail.

In August 2014, defendant picked up a new case, KA106801. At the August 8, 2014 preliminary hearing for the new case, defendant was found to be in violation of his probation in case No. KA103439. On October 8, 2014, the trial court denied reinstatement of defendant's probation in case No. KA103439, and ordered him to serve three years in county jail.

On June 22, 2015, a second amended information was filed in the KA106801 case, charging defendant with infliction of injury on a spouse (Pen. Code, § 273.5, subd. (a); count 1), petty theft (§ 484, subd. (a); count 2), cruelty to a child (§ 273a, subd. (b); count 3), and unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a); count 4). It was also alleged that defendant had served three prior prison terms (Pen. Code, § 667.5, subd. (b)).

The KA106801 case proceeded to trial on June 23, 2015. Defendant's wife, April, testified that on July 26, 2014, she and defendant were separated. Defendant came to her apartment, grabbed her and threw her against a wall. When April told defendant to leave, he took her car keys with him. When April tried to retrieve her keys from defendant, defendant pulled them back, scratching April's hand. April told defendant not to leave in her car, but defendant took April's car and drove away.

On June 24, 2015, before the case was submitted to the jury, defendant entered a no contest plea to counts 1 and 4, and admitted the truth of one of his prison priors. He was sentenced to an aggregate term of four years eight months in prison. The parties stipulated to a factual basis of the plea based on the evidence adduced at trial. Defendant's three-year sentence in case No. KA103439 was vacated, and pursuant to the

2

plea agreement in case No. KA106801, defendant was sentenced to eight months in prison to run consecutive to his sentence in the KA106801 case.

Defendant filed timely notices of appeal in both cases, and requested a certificate of probable cause in case No. KA106801. The request for a certificate of probable cause was denied.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared that she advised defendant of his right, under *Wende*, to submit a supplemental brief. Defendant did not file any supplemental brief with this court.

We have examined the entire record, consisting of two volumes of a clerk's transcript and one volume of a reporter's transcript, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgments are affirmed.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.

FLIER, J.

3